UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA HOUSING COUNCIL, INC. GROUP SELF INSURANCE RISK MANAGEMENT AGENCY | * * * * | CIVIL ACTION NO. 3:23-cv-1505 |
| VERSUS | * * | JUDGE: |
| IRONSHORE SPECIALTY INSURANCE COMPANY | * * * | MAGISTRATE: |

## NOTICE OF REMOVAL

Defendant, Ironshore Specialty Insurance Company ("Ironshore"), through undersigned counsel, hereby give notice of removal to the United States District Court for the Middle District of Louisiana of the civil action entitled *Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency v. Ironshore Specialty Insurance Company*, No. C-736927, Sec. 25 on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Pursuant to 28 U.S.C. §§ 1441 and 1446, Ironshore states the grounds for removal as follows:

### INTRODUCTION

1.  The state court action described above was commenced on August 28, 2023 by the Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency ("Plaintiff" or "LHC-IRMA") by filing its Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, which is a state court within the Middle District of Louisiana. 28 U.S.C. § 98(b). *See* Exhibit A (State Court Record).

2.  LHC-IRMA avers that it is a "self insured risk management pool created in accordance with La. R.S. 33:1351, et seq," that is, the Local Housing Authority Self-Insurance Act of 1981. Pet. ¶ 2.

3. LHC-IRMA further avers that it "insured various public housing authorities located throughout the geographic boundaries of Louisiana" and "[d]ue to the amount of coverage required [it] purchased excess coverage from a multitude of different insurers, including Ironshore." Pet. ¶¶ 3-4.

4. LHC-IRMA alleges that Hurricane Laura "cause[ed] extensive damage to properties owned by various public housing authorities," and, at the time of Hurricane Laura, it "was covered by excess property insurance provided by [Ironshore]." Pet. ¶¶ 5-6.

5. LHC-IRMA further alleges that the damages cause by Hurricane Laura to various public housing authorities were covered losses under the excess insurance policy issued by Ironshore and that it made a claim under the excess insurance policy. Pet. ¶¶ 7-8.

6. LHC-IRMA claims that "[t]he public housing authorities will require additional time to complete repairs and pursue claims, including but not limited to depreciations [sic] once repairs are complete." Pet. ¶¶ 12.

7. LHC-IRMA then claims that Ironshore "executed a Tolling Agreement to preserve all rights under the policy of Ironshore, extending the statute of limitations through August 27, 2023"; but, Ironshore has not agreed to an extension of tolling agreement. Pet. ¶¶ 14-15.

8. Therefore, by filing this action, LHC-IRMA "seeks to toll the statue of limitations in order to receive all benefits in accordance with policy provision, including but not limited to depreciation." Pet. ¶ 16.

9. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount-in-controversy for LHC-IRMA's claim exceeds the sum of $75,000, exclusive of interests and costs.

10. Ironshore has attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A.

11. Plaintiff has not demanded a jury in the state court proceeding.

## REMOVAL IS TIMELY

12. LHC-IRMA requested that the Court hold service of its Petition for Damages. *See* Pet., at pg. 3.

13. Ironshore has not yet been served with the citation and the state court petition.

14. Accordingly, this removal is timely under 28 U.S.C. § 1446. *See, e.g.*, *Brown & Root Indus. Servs., LLC v. Nelson*, No. CV 17-361-BAJ-EWD, 2017 WL 7693163, at *5 (M.D. La. Oct. 31, 2017), *report and recommendation adopted*, No. CV 17-00361-BAJ-EWD, 2017 WL 5957100 (M.D. La. Dec. 1, 2017) (collecting cases) ("[I]f Defendant was never properly served, Defendant's thirty day window to remove never began to run such that Defendant's removal was timely (and early).").

## DIVERSITY JURISDICTION

15. The Court has original diversity jurisdiction over LHC-IRMA's claims because the parties are completely diverse and because LHC-IRMA seeks damages in excess of $75,000.

### *The Parties Are Completely Diverse*

16. As authorized by the Local Housing Authority Self-Insurance Act of 1981, Plaintiff, LHC-IRMA, is a risk management agency administered by the Louisiana Housing Council, Inc. *See, e.g.*, Pet. ¶ 2. The Louisiana Housing Council, Inc., is a non-profit corporation organized under the laws of the State of Louisiana, with its principal place of business in Shreveport, Louisiana. Likewise, to the extent the participating members' citizenship is considered for jurisdictional purposes, all participating members are Louisiana housing authorities who are

citizens of Louisiana. Accordingly, LC-IRMA is a citizen of Louisiana for purposes of diversity jurisdiction.

17. Ironshore is a non-governmental corporation organized and existing under the laws of Arizona with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. *See* Exhibit B (La. Dept. of Ins. Profile). Ironshore is therefore a citizen of Arizona and Massachusetts for purposes of diversity jurisdiction.

18. Accordingly, the plaintiff and defendants are completely diverse, and no defendant is a citizen of Louisiana.

### *The Amount in Controversy Exceeds $75,000*

19. At issue in this case is a quota share policy of insurance issued to LHC-IRMA by various insurers with a policy term of April 1, 2020 to April 1, 2021.

20. Ironshore's participation in the quota share policy is 5% or $1.25 million part of $25 million (under policy number 1000410850-01) and 10% or $10 million part of $100 million (under policy number 1000388263-01). *See* Exhibit C (Williams Declaration), ¶ 4.

21. In its Petition, LHC-IRMA alleges that "[t]he public housing authorities will require additional time to complete repairs and pursue claims, including but not limited to depreciation once repairs are complete." Pet. ¶ 12. It further alleges that "[t]he policy issued by Ironshore limits the loss to actual cash value if the property is not repaired or replaced within two years after the date of loss, unless waived by the Company in writing." *Id*. ¶ 13.

22. LHC-IRMA prays for a judgment against Ironshore for all claims, demands and rights incurred as the result of Hurricane Laura in the State of Louisiana, including but not limited to property damages and depreciation, as per the excess insurance policy issued by the Insurer to

petitioner, together with attorney's fees and legal interest from the date of judicial demand, all costs of these proceedings, and all equitable relief to which the petitioner may be entitled." *Id*., at pg. 3.

23. Presently, LHC-IRMA's Hurricane Laura claim, not including the Lake Charles Housing Authority's Laura claim which are the subject to separate litigation, totals over $19 million actual cash value, with approximately $1.1 million in depreciation. Ex. C, Williams Decl. ¶ 5.

24. At present, Ironshore's share of withheld depreciation alone, which is specifically sought by LHC-IRMA in this lawsuit, would be 15% of approximately $1.1 million, or $165,000. *Id.*, ¶ 6.

25. Thus, based upon but one element of damages sought by LHC-IRMA in the instant action, LHC-IRMA's claim exceeds $75,000, exclusive of interest and costs.

## CONCLUSION

In sum, there exists complete diversity of citizenship between plaintiff Louisiana Housing Council, Inc. Group Self Insurance Risk Management Agency and defendant Ironshore Specialty Insurance Company, and the amount-in-controversy exceeds $75,000. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. A copy of this Notice of Removal will be filed promptly with the state court clerk in accordance 28 U.S.C. § 1446(d). Accordingly, Ironshore Specialty Insurance Company respectfully requests that this Court assume full jurisdiction over this cause as provided by law.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

*/s/ Jeffrey A. Clayman*
H. Minor Pipes, III, 24603
Jeffrey A. Clayman, 30442
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
jclayman@pipesmiles.com

*Attorneys for Ironshore Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October 2023, I electronically filed the foregoing pleading the Clerk of Court by using the CM/ECF system. I further certify that I served a copy of this Notice of Removal on counsel for all parties via electronic mail. I further certify that a copy of this Notice of Removal is being filed with the Clerk of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, where the underlying action is pending.

*/s/ Jeffrey A. Clayman*
Jeffrey A. Clayman